UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                       :
ZOLTAN HIRSCH,                                         :
                                    Plaintiff,         :
                                                       :          10 Civ. 9499 (LGS)
                         -against-                     :
                                                       :          OPINION AND ORDER
725 ASSOCIATES,                                        :
                                    Defendant.  :
                                                       :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Zoltan Hirsch brings this suit against Defendant 725 Associates for violations of

the Americans with Disabilities Act ("ADA") and New York laws.  The action is now before the

Court on cross-motions: (i) Defendant's motion to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(6) or 12(c), or in the alternative for summary judgment; and (ii) Plaintiff's

motion to dismiss Defendant's counterclaim.  For the following reasons, the Court dismisses the

Second Amended Complaint, but grants Plaintiff leave to amend.

**BACKGROUND**

        Plaintiff originally brought this action against MLB Enterprises Corp. on December 21,

2010, alleging a number of ADA violations that denied Plaintiff the "full and equal enjoyment"

of a business operated by MLB Enterprises, Lace Gentlemen's Club.  After reaching a settlement

agreement, Plaintiff and MLB Enterprises jointly filed a Stipulation of Dismissal With Prejudice

on October 13, 2011.  On August 9, 2013, Plaintiff filed the currently operative Second Amended

Complaint ("SAC"), naming 725 Associates, the "lessor and/or owner of the real property," as

Defendant.  The SAC raises substantially similar allegations as the initial complaint filed in 2010,

and pleads the event giving rise to this action, Plaintiff's visit to Lace Gentlemen's Club, with

language identical to the initial complaint: "The Plaintiff personally visited Defendants' Property,

but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit."

On October 22, 2013, Defendant filed an Answer to the SAC in which it asserted a counterclaim for attorneys' fees. On October 29, 2013, Plaintiff filed an Answer to Defendant's counterclaim. On October 30, 2013, notwithstanding the Answer that he had filed the previous day, he filed a motion to dismiss the counterclaim. On December 3, 2013, Defendant filed a motion to dismiss the SAC on res judicata and collateral estoppel grounds.

**STANDARD**

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), *cert denied*, 133 S. Ct. 846 (2013). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News*, 680 F.3d at 182 (alteration in original) (quoting *Twombly*, 550 U.S. at 555). Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); *see* Fed. R. Civ. P. 8(a)(2).

## **DISCUSSION**

Defendant moves to dismiss (or alternatively for summary judgment) on the ground that the Stipulated Dismissal jointly filed by Plaintiff and MLB Enterprises in 2011 precludes his current suit against Defendant.  Plaintiff argues that because the Stipulated Dismissal expressly limits its release to MLB Enterprises, Defendant is not entitled to rely on it as a defense. Defendant's motion to dismiss the Complaint is granted without reaching the preclusion issue at this stage, because the SAC does not plead facts sufficient to give Defendant fair notice of Plaintiff's claims pursuant to Rule 8.  The SAC is critically deficient in basic facts – *inter alia*, the date (even approximate) of Plaintiff's visit to Defendant's property; the name of the business that Plaintiff visited; and the relationship between that business, MLB Enterprises and Defendant, if any, at the time of the visit.  Without such facts, the SAC fails to serve its function pursuant to Rule 8 of putting Defendant on notice of Plaintiff's claims and the grounds on which they rest. Their absence from the SAC also prevents the Court from making a reasoned ruling on the preclusion issues before it on this motion.  The threadbare nature of the SAC cannot be used to help Plaintiff sidestep a motion to dismiss on preclusion grounds.

"[The] court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair."  *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994) (quoting 5A Alan C. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357, at 301 (1990)); *see also Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) ("The district court has the power to dismiss a complaint sua sponte for failure to state a claim . . . ." (internal quotation marks omitted)).  Generally, a plaintiff must be given "notice and 'an opportunity to be heard'" before a court properly may dismiss a complaint *sua sponte*.

*Id.* (quoting *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991)).  Furthermore, leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Therefore, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead."  *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).  Plaintiff may file a Third Amended Complaint for the sole purpose of elaborating upon the allegations made in the SAC.  *See, e.g.*, *Tavakoli-Azar v. Crescent Mgmt., Inc.*, No. 97 Civ. 0696, 1998 WL 426733, at *1-2 (S.D.N.Y. July 28, 1998) (*sua sponte* dismissing a complaint for its failure to state a claim under Rule 12(b)(6), and granting leave for the plaintiffs to amend).  Any amended complaint filed pursuant to this order may not plead new events, claims or parties.

Moreover, Plaintiff's motion to dismiss Defendant's counterclaim is denied.  Defendant's counterclaim for attorney's fees merely serves to give Plaintiff notice of its intent to seek attorney's fees pursuant to 42 U.S.C. § 2000a-3(b) should it prevail in this action, and it is premature to rule on that issue at this stage.

## CONCLUSION

For the foregoing reasons, the SAC is dismissed.  The Clerk is directed to close the motions at Dkt. Nos. 49 and 59.  No later than **September 9, 2014**, Plaintiff may file a TAC that is consistent with this opinion.

SO ORDERED.

Dated: August 13, 2014
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE